IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00362-MR
[CRIMINAL CASE NO. 1:16-cr-00147-MR-WCM-1]

| | |
|---|---|
| CARL JACK HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court for an initial screening of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**I.    PROCEDURAL BACKGROUND**

On January 19, 2018, Petitioner Carl Jack Hall ("Petitioner") was found guilty by a jury on one count of receipt of child pornography in violation of 18 U.S.C. §2252A(a)(2)(A) (Count One) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)B) (Count Two). [Crim. Case No. 1:16-cr-00147-MR-WCM-1 ("CR"), Doc. 55: Jury Verdict; Doc. 1: Indictment]. On August 30, 2018, this Court sentenced Petitioner to terms of imprisonment of 108 months on each count, to run concurrently. [CR Doc.

72 at 2]. Judgment was entered the next day. [Id.]. Petitioner appealed the Court's judgment. [CR Doc. 74: Notice of Appeal]. On appeal, Petitioner challenged the denial of his motion for judgment of acquittal under Fed. R. Crim. P. 29, his convictions on both counts, and his 108-month sentence. United States v. Hall, 785 Fed. App'x 98, 99 (4th Cir. 2019). The Fourth Circuit affirmed this Court's judgment on August 29, 2019. Id. at 101. Petitioner did not petition the Supreme Court for a writ of certiorari. [CR Doc. 90]. As such, Petitioner's conviction became final for purposes of relief under 28 U.S.C. § 2255 sixty-nine days later, on November 6, 2019, when the deadline for seeking such review expired. See Clay v. United States, 537 U.S. 522, 532 (2003).

Petitioner placed his Section 2255 motion to vacate in the prison system for filing on November 27, 2020, and it was stamp-filed in this Court on December 4, 2020. [See CV Doc. 1 at 1, 12].

## II. DISCUSSION

Petitioner's Section 2255 motion appears to be untimely. Section 2255 imposes a one-year statute of limitations period for the filing of a motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Petitioner's conviction became final for purposes of Section 2255(f) on November 6, 2019, 69 days after the Fourth Circuit affirmed this Court's judgment. Accordingly, the one-year period of limitations under Section 2255 expired on November 5, 2020. See 28 U.S.C. § 2255(f)(1). Petitioner did not mail his Section 2255 motion to vacate until November 27, 2020.

The Court will grant Petitioner 20 days in which to explain why this claim should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008)

(remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

## III. CONCLUSION

Because it appears that Petitioner's Section 2255 petition is time barred, the Court will grant Petitioner twenty (20) days in which to provide an explanation as to why the Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling[1] should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner shall have twenty (20) days from entry of this Order in which to explain to the Court why his Section 2255 Motion to Vacate should not be dismissed as untimely. The failure to timely comply with this Order may result in dismissal of the petition without

---

[1] To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

further notice to Petitioner.

**IT IS SO ORDERED.**

Signed: February 2, 2021

Martin Reidinger
Chief United States District Judge